RECEIVED
USCC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10/14/05 P

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Charles W. Manuel | Civil Action No. 04-642 |
| versus | Judge Tucker L. Melançon |
| Metropolitan Life Ins. Co., et al | Magistrate Judge Methvin |

## MEMORANDUM RULING AND ORDER

Before the Court is a "Motion For Determination That Administrative Record Filed By MetLife Into The Record On October 1, 2004, As Supplemented On June 30, 2005, Is Complete" filed by defendant Metropolitan Life Insurance Company ("MetLife") [Rec. Doc. 28], and plaintiff Charles Manuel's Opposition thereto [Rec. Doc. 31].

This action is brought under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et. seq. Plaintiff, Charles W. Manuel, filed this lawsuit on February 23, 2004 in the 13th Judicial District, Evangeline Parish. *R. 1*. The matter was removed to this Court on March 12, 2004, pursuant to 28 U.S.C. §1441, et seq. *R. 3*. On October 1, 2004 MetLife filed its response to the Court's ERISA Case Order and attached a copy of the administrative record related to plaintiff's claim in this action. Pursuant to joint motions filed by the parties, this action was

1

stayed in order to allow plaintiff to exhaust his administrative remedies under the employee welfare benefit plan ("Plan") at issue. As a result of the administrative review of his claim, plaintiff was approved by the Plan administrator and back benefits were paid to him pursuant to the terms of the Plan. The record indicates that following the approval of plaintiff's claim, by correspondence dated June 24, 2003, Met Life informed plaintiff that he had been overpaid on his claim for benefits in the amount of $927.78 due to his receipt of Social Security benefits. *June 24, 2003 letter from MetLife, Overpayment Recovery Unit, to Manuel.* Thereafter, on July 10, 2003, plaintiff's counsel submitted plaintiff's check to MetLife in the amount of $927.78 "representing his full and final repayment of overpayment." *July 10, 2003 letter from counsel for plaintiff to MetLife.*

Plaintiff contends that the administrative record should be expanded to include five (5) documents which evidence "the correct amount of benefits due [plaintiff]", the "only issue remaining in this case." *R. 31, Plaintiff's brief.* Plaintiff contends that the following documents should be made part of the administrative record: (1) June 24, 2003 correspondence from MetLife regarding the alleged overpayment of plaintiff's back due benefits of $927.78 and request for reimbursement; (2) July 10, 2003 correspondence from counsel for plaintiff to MetLife submitting plaintiff's personal check in the amount of $927.78; (3) May 19, 2005 correspondence from

2

MetLife attorney as to the settlement of plaintiff's ERISA claim, including $8,065.20 as back due benefits due, with credit for alleged overpayment of benefits since reinstatement effective August 5, 2003 (4) May 27, 2005 correspondence from counsel for plaintiff to MetLife, with copies of previous correspondences and copy of plaintiff's reimbursement check, submitting that the amount of benefits should be $15,566.40 instead of $8,065.20; and (5) June 8, 2005 correspondence from counsel for plaintiff to MetLife submitting that the amount of benefits should be $15,566.40. *R. 27, Plaintiff's response to ERISA case order.* MetLife represents that the administrative record already contains the first two documents listed above, but asserts that the remaining three documents are copies of correspondence between counsel for the parties related to settlement efforts of this litigation and therefore should not be made a part of the administrative record. *R. 28, Exh. 1, M 000202-204.*

Based on the record of this case, the Court is at a loss to see how settlement negotiations between lawyers for the parties would have any relevance to any issue which is pending before this Court or is likely to be brought before this Court. Accordingly,

IT IS ORDERED that the Administrative Record, including the correspondence dated June 24, 2003 and July 10, 2003, Bates numbers M 00202 - 204, is deemed complete and the Motion For Determination That Administrative

3

Record Filed By MetLife Into The Record On October 1, 2004, As Supplemented On June 30, 2005, Is Complete filed by defendant Metropolitan Life Insurance Company [Rec. Doc. 28] is GRANTED.

Thus done and signed this 13th day of October, 2005 at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge

COPY SENT
DATE 10/14/05
BY
TO TLM